**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-CV-01514-WDM-BNB

KIMPTON HOTEL & RESTAURANT GROUP, LLC.,
a Delaware limited liability company,

       Plaintiff,

v.

MONACO INN, INC., a Colorado corporation and
EMMANUAL ARISTIDES TSIKOUDAKIS

       Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

During the course of the above captioned action ("Action"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, Plaintiff Kimpton Hotels & Restaurant Group, LLC ("Kimpton" or "Plaintiff") and Defendants Monaco Inn, Inc. and Emanuel Tsikoudakis ("Defendants") hereby submit this Stipulated Protective Order for consideration and entry by the Court. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is

       ORDERED that:

1

1.      <u>Proceedings and Information Governed</u>.  This Order shall govern any documents, information or other thing furnished by either party, including a party's representatives who have a need to know, in connection with the discovery and pretrial phase of this proceeding.  The information so governed includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.  The Order does not govern proceedings during trial nor does it prohibit any party from seeking a protective order to govern proceedings during trial.

2.      <u>Designation of Information for Protection Under This Order</u>.

(a)     Any information produced in this action that is reasonably believed by the producing party to be nonpublic, proprietary or confidential may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only."  Such designation can only be applied after counsel of record for the producing party has reviewed the information to be designated and formed a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).  Such designation may be made by stamping or otherwise marking the material prior to production as follows:  "Confidential" or "Confidential - Attorneys' Eyes Only."  In the case of written material, documents or tangible items, the designation "Confidential" or "Confidential - Attorneys' Eyes Only" shall be made by the producing party at the time the receiving party is provided a copy of the writing or thing. For multiple page documents, the designation "Confidential" or "Confidential - Attorneys' Eyes Only," shall be made on the first page of the documents, but shall apply to all pages of such documents unless expressly provided otherwise by the producing party.  In the case of deposition testimony, a

party seeking to invoke the protection of this order as to "Confidential" or "Confidential - Attorneys' Eyes Only" information shall give prompt notice thereof at the initiation, conclusion, termination, or suspension of said deposition of testimony or portion of testimony that is designated as "Confidential" or "Confidential - Attorneys' Eyes Only". In the event such notice is given, the provisions of paragraphs 12 and 13 below shall apply.

(b)     Where it is determined that "Confidential" or "Confidential - Attorneys' Eyes Only" information has been produced, but not initially designated as such, the "Confidential" or "Confidential - Attorneys' Eyes Only" information can be designated as such in writing at a later date, each party shall make a reasonable effort to retrieve documents containing the later designated "Confidential" or "Confidential - Attorneys' Eyes Only" information and otherwise insure that persons to whom the "Confidential" or "Confidential - Attorneys' Eyes Only" information has been disclosed will treat such documents accordingly.

3.     <u>Confidential - Attorneys' Eyes Only Information</u>.  All documents, information or other things designated "Confidential - Attorneys' Eyes Only" are included within the meaning of "Confidential" as used in this Order and all the provisions set forth in the Order that apply to "Confidential" also apply to material designated "Confidential - Attorneys' Eyes Only." However, documents, information and other things designated "Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in subparagraph 4(c) of this Order, except as provided in paragraph 11.

4.     <u>Disclosure of Confidential Information</u>.  Information that is designated "Confidential" (but which is not marked "Confidential - Attorneys' Eyes Only") may be disclosed by the receiving party only to:

(a) The attorneys of record in this proceeding, each party's in-house counsel, and any attorneys retained by the parties in this action to consult on the action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide support services in this action and the employees of said organizations;

(b) Independent experts and consultants retained in this proceeding and the employees of such experts and consultants who are assisting them;

(c) The officers, directors and employees of a party;

(d) Persons who were the authors or recipients of such documents; and

(e) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5. <u>Distribution of Confidential Material</u>.  Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of "Confidential" information shall be made by parties or their counsel for distribution or for use by persons other than those designated in paragraph 4.

6. <u>Undertaking</u>.  Each person referred to in paragraph 4 hereof to whom "Confidential" information is to be given, shown, disclosed, made available or communicated in any way, except clerical and stenographic personnel falling within paragraphs 4(a) or (b), and the parties as set forth in paragraphs 4(c) above, shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by counsel for the party so sharing the "Confidential" information.

7. <u>Use</u>. "Confidential" information shall be used by the party and any other persons as authorized herein to whom it is disclosed solely in connection with this proceeding. "Confidential" information shall not be used by such party or any other persons as authorized herein for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court. No person who is furnished "Confidential" information shall disclose it to any person not entitled under this Order to receive it.

8. <u>Court Procedures</u>.

(a) A party desiring to use "Confidential" information in connection with any brief, argument, filing or proceeding before the Court or any judge thereof, shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3. This Order does not cover the use of "Confidential" information at trial.

9. <u>Party's Own Information</u>. The restrictions on the use of "Confidential" information established by this Protective Order are applicable only to the use by a party of "Confidential" information received from the other party. A party is free to do whatever it desires with its own "Confidential" information.

10. <u>Removal</u>. A party may seek removal of the designation of "Confidential" information of any document or information through the following procedures:

(a) The party or person seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefore specifying the documents, information or other thing as to which such removal is sought;

(b) If the parties cannot reach agreement concerning the matter within fifteen (15) business days after delivery (or in the case of mail, mailing) of the notice, or such other time

5

as the Court may allow, then the party seeking to protect the designated information and/or documents under this Order may file and serve a motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order.  Such motion must be filed and served within fifteen (15) business days after the expiration of the fifteen-day period referred to previously.  If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

11.     <u>Disclosure to Author or Addressee</u>.  Nothing herein shall prohibit a party, or its counsel, from disclosing a document which is designated "Confidential" information to the person who is the author or recipient of such documents as shown on the face of the document.

12.     <u>Depositions</u>.  Any deposition reporter who transcribes testimony in this action at a deposition shall be given a copy of this Order and shall be required to agree on the transcript of the deposition, before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the attorneys of record for the parties in this action.  In addition, all deposition testimony and exhibits designated "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page "Confidential - Attorneys' Eyes

Only."

13.     <u>Subpoenas</u>.  In the event any person or party having possession, custody or control of any "Confidential" information receives a subpoena or other process or order to produce such information, such person or party shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the item, documents or information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party asserting the confidentiality makes a motion to quash or modify the subpoena, process or order, the person or party receiving the subpoena or other process or order shall comply with applicable law or order of the court having jurisdiction over such subpoena, process, order, or motion.  If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

14.     <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order; nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims,

nor shall it relieve a party of the necessity of proper response to discovery devices.

      15.     <u>No Probative Value</u>.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any "Confidential" information.  The fact that information is designated "Confidential" information under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:  (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of all parties, the fact that information has been designated "confidential" under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed in and of itself as admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

      16.     <u>Return of Information</u>.  At the conclusion of this proceeding, including all appeals, all "Confidential" information and all documents which reflect such information shall, upon the request of the party furnishing such "Confidential" information, be (i) delivered to the party that furnished such "Confidential" information or (ii) in lieu of delivery to the furnishing party destroyed, in which event counsel shall give written notice of such destruction to opposing

counsel. In no event shall a party retain a copy of "Confidential" information produced to it.

17.     <u>Court's Jurisdiction</u>.  The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.  The provisions of this Order regarding the use and/or disclosure of "Confidential" information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

Dated October 15, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Exhibit A to Stipulated Protective Order

UNDERTAKING

STATE OF _____ )
                                 ) ss.
COUNTY OF _____ )

    I, _____, being first duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Protective Order in the case of *Kimpton Hotels & Restaurant Group, LLC v. Monaco Inn, Inc. and Emmanual Tsikoudakis* in the United States District Court for the District of Colorado.

    5.    I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

    6.    I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

                                                          _____

    Subscribed and sworn to before me this _____ day of _____, 20___.

_____
Notary Public

_____ County, _____

*PHX 327960305v1 9/26/2007*