IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01514-WDM-BNB

KIMPTON HOTEL & RESTAURANT GROUP, LLC,

 Plaintiff,

v.

MONACO INN, INC. and
EMMANUEL ARISTIDES TSIKOUDAKIS,

 Defendants.

## ORDER ON RENEWED MOTION TO STRIKE AMENDED COMPLAINT

Miller, J.

 This matter is before me on Defendants' Renewed Rule 12(f) Motion to Strike (Docket No. 18). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion to strike shall be denied.

### Background

 This is a case about the use of the name "Monaco Inn" by Defendants at a restaurant at 962 S. Monaco Parkway, Denver, CO 80224. Plaintiff owns and operates various hotels under the name Hotel Monaco, one of which is located at 1717 Champa Street, Denver, CO 80202. Plaintiff is the "sole and exclusive owner of five registrations for Hotel Monaco on the principal register of the United States Patent and Trademark Office" (PTO). (Compl. ¶ 20.) Defendants, however, have filed petitions for

trademark cancellation for all of Plaintiff's registered trademarks with the PTO.

In this action, Plaintiff alleges trademark infringement and unfair competition under the Trademark Act of 1946 and trademark infringement, unfair competition, and unjust enrichment under the common law of Colorado. Plaintiff filed its Complaint on July 18, 2007 (Docket No. 1). On August 6, 2007, Defendants filed a Motion to Strike certain portions of the complaint pursuant to Fed. R. Civ. P. 12(f) (Docket No. 7). Plaintiff filed its Amended Complaint on August 22, 2007 (Docket No. 15). Thereafter, on August 23, 2007, Defendants renewed their Motion to Strike portions of the Amended Complaint pursuant to Fed. R. Civ. P. 12(f) (Docket No. 18).

## Standard of Review

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are disfavored. *United States v. Shell Oil Co.*, 605 F.Supp. 1064, 1085 (D. Colo. 1985) (citing 5 Wright & Miller, Federal Practice and Procedure § 1380, at 783 (1969)). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo.1993). Motions to strike are usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). "In deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no

evidence in support of the allegation would be admissible." *Shell Oil,* 605 F. Supp. at 1085 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976)). Only allegations "so unrelated to plaintiff's claims as to be unworthy of any consideration" should be stricken. *Id.* (quoting *EEOC v. Ford Motor Co.*, 529 F.Supp. 643, 644 (D. Colo. 1982)).

<u>Discussion</u>

First, Defendants argue that the portions of the Amended Complaint that "delv[e], *inter alia*, into confidential pre-suit settlement discussions between the parties" should be stricken. (Mtn. To Strike ¶ 3.) Specifically, Defendants move to strike paragraphs 48, 49, 71, and 72 and Exhibit 9 (collectively Settlement Paragraphs) from the Amended Complaint for violation of Fed. R. Evid. 408.[1] Defendants also seek to strike paragraph 47[2] because it is not fact, but merely "Plaintiff's pure speculation as to Defendants' alleged improper motivation for filing cancellation petitions with the Trademark Trials and Appeal Board" of the PTO. (Compl. ¶ 4.) Plaintiff maintains that the Settlement Paragraphs do not violate Fed. R. Evid. 408 because they are offered for purposes other than those prohibited by Rule 408 and, therefore, are not barred.[3] I agree with Plaintiff.

---

[1] Generally, all of these paragraphs reference Defendants' June 6, 2007 email to Plaintiff stating their terms for settlement including a $2.5 million payment from Plaintiff to Defendants to stop using the name "Monaco Inn."

[2] Paragraph 47 alleges that Defendants' petitions for cancellation with the PTO "demonstrate Defendants' reckless disregard for consumer confusion."

[3] Plaintiff does not address Defendants' argument that paragraph 47 should be barred because it contains allegations of Defendants' alleged improper motive.

Fed. R. Evid. 408(a) states that evidence of "(a) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim . . ." are not admissible as evidence "when offered to prove liability for invalidity of, or amount of a claim that was disputed as to validity or amount." There is an exception, however, contained in Fed. R. Evid. 408(b). Rule 408(b) states that "[t]his rule does not require exclusion if the evidence if offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution."

Under Rule 408(b), Plaintiff argues that the Settlement Paragraphs are included in the Amended Complaint to establish standing to bring a declaratory judgment action under 28 U.S.C. §§ 2201–22 and to establish that Defendants have "unclean hands" and are, therefore, barred from asserting a trademark infringement claim against Plaintiff. I cannot say that these allegations are so unrelated to the current claims as to be unworthy of any consideration. Accordingly, under the standards governing a motion to strike, Defendants are not entitled to the relief they seek.[4]

Second, Defendants seek to strike paragraph 47 because it is not fact, but

---

[4] I note that the case cited by Defendants, *Braman v. Woodfield Gardens Assocs. Realcorp Investors I*, 715 F.Supp. 226, 230 (N.D. Ill. 1989), in support of their motion is not applicable to this case. *Braman* did not deal with allegations relating to settlement negotiations that were offered for purposes other than those prohibited by Fed. R. Evid. 408. Indeed, the settlement negotiations in *Higgins* were offered to establish the defendant's obligation to perform. *Braman*, 715 F.Supp. at 230.

merely "Plaintiff's pure speculation as to Defendants' alleged improper motivation for filing cancellation petitions with" the PTO. (Compl. ¶ 4.) Defendants cite to *Higgins v. Shenango Pottery Co.*, 99 F.Supp. 522, 525 (W.D. Pa. 1951) in support of their motion. In *Higgins*, the District Court of Pennsylvania struck certain defenses asserted by the defendants because "'[t]he trial of the motives of parties in a civil action has no proper place in a judicial forum." 99 F.Supp. at 525. This case does not compel me to strike paragraph 47 in this case. *Higgins* was referring to the motives of plaintiffs in filing civil actions or pursuing their rights in court. *Id.* Paragraph 47, however, deals with Defendants' petitions for cancellation filed with the PTO and not the current action. Furthermore, paragraph 47 does not directly allege an improper motive at all, but rather alleges Defendants' disregard of consumer confusion. As Defendants have made no further argument in support of striking paragraph 47, I cannot say that they are entitled to the relief they seek. Defendants have made no showing that the allegations in the Amended Complaint have no bearing on this case or that Defendants were prejudiced by the inclusion of paragraph 47.

    Accordingly, it is ordered:

1. Defendants' Renewed Rule 12(f) Motion to Strike (Docket No. 18) is denied.

DATED at Denver, Colorado, on January 11, 2008.

                                      BY THE COURT:


                                      s/ Walker D. Miller
                                      United States District Judge