IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller


Civil Action No.   07-cv-01514-WDM-BNB

KIMPTON HOTEL & RESTAURANT GROUP, LLC,

        Plaintiff,

v.

MONACO INN, INC. and
EMANUEL ARISTIDES TSIKOUDAKIS,

        Defendants.

---

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Miller, J.

        This matter is before me on Plaintiff's "Motion for Partial Summary Judgment on

Defendants' First Counterclaim for Cancellation of Plaintiff's Federal Trademark

Registrations" (doc no 43).  Defendants concede part of the motion, but dispute that

their claim for cancellation of two of Plaintiff's trademarks should be dismissed.  Upon

review of the parties' filings, I conclude oral argument is not required.  For the reasons

that follow, Plaintiff's motion will be granted in part and denied in part.

### Background

        Plaintiff Kimpton Hotel & Restaurant Group, LLC ("Kimpton") is the owner and

operator of over 40 hotels, including the Hotel Monaco in Denver, Colorado.  Kimpton

holds several federally registered trademarks relating to the Hotel Monaco, including the

following: Reg. No. 2,505,704, registered November 13, 2001, registering "Hotel

Monaco" for Hotel Services in Class 42; Reg. No. 2,641,409, registered October 29, 2002, registering "Hotel Monaco" in distinctive type and featuring the image of two bellboys carrying luggage and coats, for Hotel Services in Class 43; Reg. No. 2,787,768, registered December 2, 2003, registering "Hotel Monaco" in distinctive type and featuring the image of two bellboys carrying luggage and coats, for Hotel Services in Class 43; Reg. No. 3,201,629, registered January 23, 2007, registering "Hotel Monaco" for Hotel, Bar, and Restaurant Services in Class 43; and Reg. No. 3,201,633, registered January 23, 2007, registering "Hotel Monaco" in distinctive type and featuring the image of two bellboys carrying luggage and coats, for Hotel, Bar, and Restaurant Services in Class 43.

Defendants own and operate a restaurant, located on 962 S. Monaco Parkway in Denver, Colorado, called the "Monaco Inn." Plaintiff initiated this lawsuit asserting six claims for relief, including a claim for trademark infringement for the above-listed registered trademarks. Defendants have asserted a counterclaim for cancellation of these trademarks.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of

evidence for the nonmovant on an essential element of the nonmovant's claim.'"

*Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid

summary judgment, the nonmovant must establish, at a minimum, an inference of the

presence of each element essential to the case."  *Id.*

<u>Discussion</u>

In the motion for partial summary judgment, Plaintiff argues that Defendants'

counterclaims for cancellation are time-barred or barred by the principles announced in

*Morehouse Manufacturing Corp. v. J. Strickland & Co.,* 407 F.2d 881, 160 U.S.P.Q. 715

(C.C.P.A. 1969).  The so-called "*Morehouse* doctrine" provides that a person opposing

the registration of the mark for particular goods and services cannot be damaged if the

applicant owns an existing registration for the same or substantially identical mark for

the same or substantially identical goods.  3 MCCARTHY ON TRADEMARKS AND UNFAIR

COMPETITION § 20:38 (4th ed.).  In their response, Defendants concede that their claim

for cancellation of Reg. No. 2,505,704, registered November 13, 2001 and Reg. No.

2,641,409, registered October 29, 2002 is barred by 15 U.S.C. § 1064(1), which permits

the filing of a petition to cancel a registration of a mark if the petition for cancellation is

filed within five years from the date of the registration of the mark.  Since Defendants'

counterclaim was asserted in their Answer and Counterclaims (doc no 38) on January

20, 2008, it is untimely as to these registrations.  In addition, Defendants concede that

their claim for cancellation of Reg. No. 2,787,768, registered December 2, 2003 is

barred by the *Morehouse* doctrine since the registration involves essentially the same

mark as Reg. No. 2,641,409 and is registered for the same services, specifically hotel

3

services.

However, Defendants dispute that their claim for cancellation of Reg. No. 3,201,629, registered January 23, 2007, and Reg. No. 3,201,633, registered January 23, 2007, are barred by the equitable estoppel principles of *Morehouse* to the extent that these marks are registered for restaurant and bar services.  I agree.

As noted, *Morehouse* applies where a mark substantially the same as a previously-registered mark is used for goods or services that are the same or "substantially identical."  MCCARTHY, *supra*, at § 20:38.  All of the other marks registered by Kimpton are for hotel services, but these two marks extend to hotel, restaurant and bar services.  Despite Kimpton's efforts to show that restaurants and bars are "highly related" to hotels because hotels often have bars and restaurants, these are plainly different services.  Put most simply, one does not go to a restaurant or bar for lodging, but rather for food and (usually) alcoholic beverages.  One may or may not obtain food and alcoholic beverages at a hotel but would certainly expect to be provided lodging.  Such fundamental differences in the nature of the services provided precludes any finding that these are the same or substantially identical.  *See, e.g., Airport Canteen Serv., Inc. v. Farmer's Daughter, Inc.,* 184 U.S.P.Q. 622, 1974 WL 20123 (T.T.A.B. 1974) (failure to challenge registration of mark for catering services does not estop petitioner from seeking the cancellation of a registration for the same mark for restaurant services; although highly related, catering and restaurants provide food service in a different manner and under different circumstances and conditions).  Therefore, Plaintiffs are not entitled to summary judgment on Defendants' counterclaim of cancellation of their registration of the marks designated as Reg. No. 3,201,629 and

Reg. No. 3,201,633 to the extent that these marks are applied to restaurant and bar services.

Accordingly, it is ordered:

1.      Plaintiff's "Motion for Partial Summary Judgment on Defendants' First Counterclaim for Cancellation of Plaintiff's Federal Trademark Registrations" (doc no 43) is granted in part and denied in part.

2.      Summary judgment shall enter in Plaintiff's favor and against Defendants on Defendants' counterclaim of cancellation with respect to the marks designated as Reg. No. 2,505,704, registered November 13, 2001, Reg. No. 2,641,409, registered October 29, 2002, and Reg. No. 2,787,768, registered December 2, 2003. Summary judgment shall also enter in Plaintiff's favor regarding Defendants' counterclaim of cancellation with respect to the marks designated as Reg. No. 3,201,629, registered January 23, 2007, and Reg. No. 3,201,633, registered January 23, 2007 as applied to hotel services.

3.      Defendants' cancellation counterclaim remains pending with respect to the marks designated as Reg. No. 3,201,629, registered January 23, 2007, and Reg. No. 3,201,633, registered January 23, 2007 as applied to restaurant and bar services.

DATED at Denver, Colorado, on July 31, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge